**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD MITCHELL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ONEWEST BANK, FSB, et al.,<br><br>Defendants.<br>_____/ | No. C 10-04207 JSW<br><br>**ORDER ON MOTIONS**<br><br>**(Docket Nos. 44, 54)** |

This matter comes before the Court upon consideration of the motion to expunge *lis pendens* filed by Defendants, OneWest Bank, FSB ("OneWest") and Deutsche Bank National Trust Company ("Deutsche Bank") (collectively, "Defendants") and the motion for sanctions filed by Plaintiffs, Bernard Mitchell ("Mr. Mitchell") and S. Mitchell, Trustee of the BSM Living Trust ("S. Mitchell") (collectively, "Plaintiffs"). (Docket Nos. 44, 54.) The Court has considered the parties' papers, relevant legal authority, the record in this case and, to the extent necessary and appropriate, the record in the related case *Mitchell v. Regional Trustee Services, Co.*, 12-CV-05547-JSW ("*Mitchell IV*"), and it finds the motions suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for March 8, 2013, and it HEREBY GRANTS the motion to expunge and DENIES the motion for sanctions.

Plaintiffs filed this action on September 17, 2010, challenging the foreclosure of property located at 2132 Longview Drive, San Leandro, California. On that same date, in connection with the complaint, Plaintiffs recorded a *lis pendens*, which specifically references

the above captioned action. (*See* Docket No. 44-1, Request for Judicial Notice, Ex. A.) On February 22, 2011, the Court dismissed, with prejudice, Mitchell's sole federal claim, declined to exercise supplemental jurisdiction over his state law claims, and entered judgment. (Docket No. 20.) On May 25, 2011, the Court denied Mitchell's motion to amend that judgment. (Docket No. 35.) On December 11, 2012, the United States Court of Appeals for the Ninth Circuit affirmed these rulings. (Docket No. 56.)

Defendants move to expunge the *lis pendens* recorded on September 17, 2010. Pursuant to California Code of Civil Procedure section 405.31, the Court "shall order the notice expunged if the court finds that the pleading on which the notice is based does not contain a real property claim." Plaintiffs oppose the motion on the basis that it is moot. Plaintiffs state that they withdrew the *lis pendens* recorded on September 17, 2010, and recorded a new *lis pendens* in connection with the related case, *Mitchell IV*, which was removed from the Superior Court of the State of California, County of Alameda. (*See* Docket No. 47.)

The Court dismissed this case and, thus, there is no "real property claim" pertaining to the case captioned *Bernard Mitchell, et al. v. OneWest Bank FSB, et al.*, 10-CV-4207. Although Plaintiffs purported to withdraw the notice of *lis pendens* recorded in this case, they did so in a separate document. Rather, they purport to withdraw the *lis pendens* in the body of the new *lis pendens* recorded in connection with *Mitchell IV.*.

The Court finds that Defendants have met their burden to show the Court should grant their motion. Accordingly, the Court HEREBY EXPUNGES the Notice of Pendency of Action recorded with the Alameda County Recorder's Office on September 17, 2010 as Document No. 2010270569, concerning the real property located at 2132 Longview Drive, San Leandro, California 94577, APN 079-0026-054.

In light of this ruling, the Court DENIES Plaintiffs' motions for sanctions.

**IT IS SO ORDERED.**

Dated: February 12, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2